**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEANN STUBENFIELD, JESSICA | ) | |
| STUBENFIELD, DEBORAH THIGPEN, and | ) | |
| SHARON THOMPSON, on behalf of herself and | ) | |
| on behalf of ROY THOMPSON, JR., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 13-cv-6541 |
| CHICAGO HOUSING AUTHORITY and THE | ) | |
| COMMUNITY BUILDERS, INC., | ) | |
| | ) | |
| Defendants. | ) | Judge Sharon Johnson Coleman |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs filed a First Amended Complaint alleging a class action for violations of the

Fourth and Fourteenth Amendments to the U.S. Constitution through 42 U.S.C. § 1983, the

Illinois Constitution, and the United States Housing Act. Defendants, Chicago Housing

Authority ("CHA") and The Community Builders, Inc. ("TCB"), move to dismiss [30, 32] the

claims entirely pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). The Court

heard oral arguments on the motions on November 4, 2013. For the reasons stated below this

Court grants in part and denies in part the motions.

**Background**

"The *Stubenfield* plaintiffs" are five residents in CHA-reserved units at Oakwood Shores,

a privately-owned, mixed-income residential development. TCB developed and manages

Oakwood Shores. As a condition of occupancy, residents at Oakwood Shores are required to

submit to annual drug testing. DeAnn Stubenfield and her sister, Jessica, live with their mother

(who is not a named plaintiff). In 2012, when DeAnn turned 18 she was required to submit to the

1

drug test. She refused. Jessica and their mother had both previously consented to the testing but now refused. Because the Stubenfields have violated their lease agreement, the property managers TCB, began eviction proceedings. The eviction was dismissed on September 10, 2013, and has not been refiled. Sharon Thompson has submitted to the screening annually since 2006. Sharon Thompson's son, Roy Thompson, Jr., lives with her and is severely disabled. Roy Thompson, Jr., was required to submit to drug testing in 2006 when his mother applied to live at Oakwood Shores, but has not been asked since then to submit a drug test. Deborah Thigpen has also submitted to the drug testing. She was once required to disclose her prescription medications to a TCB employee to avoid a false positive.

Plaintiffs are seeking a permanent injunction abolishing the drug testing requirement. Plaintiffs also request a declaration that the drug testing requirement constitutes unreasonable suspicionless bodily searches of all persons applying for or residing in certain CHA sponsored mixed-income housing in violation the Fourth Amendment of the U.S. Constitution, Article I, Section 6 of the Illinois Constitution, and the United States Housing Act. Further, plaintiffs seek an award of damages on behalf of a certain class of plaintiffs. Defendants now move to dismiss the First Amended Complaint in its entirety.

**Legal Standard**

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient factual allegations to state a claim of relief that is plausible on its face. *Ashcroft*, 556 U.S. 662, 678 (2009). The basic pleading requirement is set forth in *Federal Rule of Civil Procedure* 8(a)(2), which requires a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require a plaintiff to plead particularized facts, the factual allegations in the complaint must

sufficiently raise a plausible right to relief above a speculative level. *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). When ruling on a motion to dismiss a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**Discussion**

I.       *Roy Thompson, Jr.*

CHA and TCB argue that Roy Thompson Jr. must be dismissed as a plaintiff, not only under Rule 12(b)(6) because his claim is untimely, but also pursuant to Rule 12(b)(1) for lack of standing. Roy is the severely disabled adult son of plaintiff, Sharon Thompson, who was subjected to drug-screening when his mother applied to live in Oakwood Shores in 2006. CHA argues that TCB has exempted Roy from the screening by not requiring the testing since 2006. Accordingly, Roy lacks standing to sue for ongoing or future application of the policy, and is foreclosed by the 2-year statute of limitations that applies to Section 1983 claims from seeking relief on the basis of his 2006 drug testing.

*Federal Rule of Civil Procedure* 12(b)(1) provides for dismissal of a claim based on lack of subject matter jurisdiction, including lack of standing. *See Retired Chicago Police Ass'n v. City of Chicago,* 76 F.3d 856 (7th Cir. 1996). To demonstrate standing, a plaintiff must show (1) an injury in fact that is concrete and particularized, actual or imminent, not conjectural or hypothetical; (2) this injury is fairly traceable to the defendant's conduct; and (3) it is likely that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 180-81 (2000).

While plaintiffs allege that Roy is still named in a lease that contains the drug testing requirement, they do not allege that he has been subjected to testing since 2006. At oral

argument, counsel for TCB stated on the record that Roy would not be subjected to the drug

testing provision of the lease. Since there are no allegations that Roy has been subject to the drug

testing since 2006, he is well beyond the two-year statute of limitations. This Court therefore

finds his claim is untimely. This Court further finds that, at this time, any allegation that Roy

might be subject to drug testing sometime in the future is too speculative to form a basis for his

claim. Roy Thompson's claims are therefore dismissed.

II.      *Failure to State a Claim of Unreasonable Search and Seizure*

Both CHA and TCB argue that dismissal of plaintiffs' constitutional claims is appropriate

because (1) the complaint fails to adequately plead that the testing requirement in TCB's lease

constitutes government action by CHA or any other entity; (2) they fail to adequately plead that

the challenged drug screening violates the Fourth Amendment notwithstanding the undisputed

fact that Oakwood tenants consent to the screening only as a condition to occupancy and not as a

condition of receiving CHA housing benefits; and (3) they fail to plead facts showing the drug

screening is unreasonable.

1.       *State Action*

The Fourth Amendment applies only to government conduct. *See Burdeau v. McDowell*,

256 U.S. 465, 475 (1921). CHA asserts that plaintiffs must plead facts that, taken as true, would

show that CHA coerced or significantly encouraged TCB to implement and maintain the drug

screening policy. CHA contends that TCB is Oakwood Shores' private manager and is the entity

responsible for the drug screening policy, which is a condition of Oakwood Shores' standard

lease. CHA argues that plaintiffs cannot state a claim by alleging that CHA "controls TCB's

actions," or that "CHA has delegated to TCB relevant public functions," or that "there is a close

nexus between CHA and TCB." According to the defendants these are conclusory statements

4

that simply parrot the legal requirements without any factual enhancement. They further argue that these allegations to not tie CHA to the specific policy at issue.

CHA has largely argued from a summary judgment posture rather than a dismissal posture. It appears that defendants would require allegations sufficient to meet a fact pleading standard or for plaintiffs to prove the existence of state action prior to discovery. Indeed, most of the cases CHA refers to in support of dismissal were following summary judgment. *Wade v. Byles*, 83 F.3d 902 (7th Cir. 1996), and *Edwards v. Lutheran Senior Services of Dover, Inc.*, 603 F. Supp. 315 (D.Del. 1985) are two such cases. "To establish Section 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participants in joint activity with the State or its agents." *Brokaw v. Mercer County*, 235 F.3d 1000, 1016 (7th Cir. 2000) (quoting *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998)).

Here, the *Stubenfield* plaintiffs allege that CHA owns Oakwood Shores' land and through its "Plan for Transformation" developed and funded over 200 units in Oakwood Shores as public housing units for which CHA pays the rent and oversees the residents' tenancy. The complaint further alleges that the CHA developed Oakwood Shores in conjunction with TCB and that TCB is CHA's agent for purposes of managing the units. Additionally, plaintiffs allege that TCB facilitates the drug testing in conjunction with or at the direction of the CHA. While the defendants assert that these allegations are too conclusory to survive dismissal, this Court finds that the degree to which the CHA is or was involved with the development leases and of the drug testing requirement cannot be ascertained by plaintiffs without discovery. This fact is underscored by CHA's own exhibit, Tenant Selection Plan, which states

"The lease for occupants of public housing units will be approved by the CHA and HUD." (Dkt. 32-1, at 17-18). This Court finds there are ample facts from which this Court may draw a reasonable inference that there is state action, at least sufficient to survive dismissal and permit discovery.

   2.     *Consent to Screening*

CHA and TCB also argue that "a search conducted pursuant to a valid consent is constitutionally permissible." *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973). Therefore, according to defendants since the plaintiffs consent to the drug testing only as a condition of living at Oakwood Shores and not as a condition for receiving benefits, the testing does not implicate the Fourth Amendment. However, the Supreme Court in *Schneckloth* held that "the question whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." *Id.* at 227; *see also Valance v. Wisel*, 110 F.3d 1269, 1278 (7th Cir. 1997). Here, plaintiffs have alleged that the consequence of non-compliance with the drug testing requirement can result in eviction from their homes. This allegation sufficiently raises the specter of coercion for this Court to infer at this stage of proceedings that plaintiffs' consent may not have been voluntary.

   *3. Reasonableness of the Search*

CHA also argues that, even if the drug screening constitutes a government search, plaintiffs fail to plead the testing is unreasonable. According to CHA, it is "perfectly reasonable for CHA to expect its beneficiaries to adhere to the generally applicable requirements of a private housing development in which the beneficiaries choose to live…". Further, CHA asserts

that the facts as pleaded show only a minimal intrusion on plaintiffs' privacy because the tests are taken in a clinical setting, in a private room, and free from direct observation.

A warrantless search generally is considered presumptively unreasonable. *Valance v. Wisel*, 110 F.3d 1269, 1278 (7th Cir. 1997) (citing *Ruggiero v. Krzeminski*, 928 F.2d 558, 563 (2d Cir. Conn. 1991); *See also Payton v. New York*, 445 U.S. 573, 586, 63 L. Ed. 2d 639, 100 S. Ct. 1371 (1976). This presumption requires the defendant to provide evidence to rebut the presumption, by providing evidence of consent to the search, which can then be rebutted by the plaintiff through a showing that he never consented or that the consent was invalid because it was given under duress or coercion. *Valance*, 110 F.3d at 1279.

Plaintiffs have alleged that they are subject to warrantless, suspicionless searches through a drug testing requirement to remain tenants in CHA sponsored housing units. Defendants CHA and TCB do not contend that the drug testing is conducted pursuant to a warrant or suspicion of criminal activity, thus this Court presumes for purposes of this motion that the search is unreasonable. In general, there is a substantial expectation of privacy in connection with the act of urination. *Schaill v. Tippecanoe County Sch. Corp.,* 864 F.2d 1309, 1318 (7th Cir. 1988). Further, the government has the burden of establishing a "special need" for a warrantless and suspicionless drug-test. *See Chandler v. Miller*, 520 U.S. 305, 318 (1997); *Taylor v. O'Grady*, 888 F.2d 1189, 1194 (7th Cir. Ill. 1989). This case is only at the dismissal stage and therefore we are only concerned with the legal sufficiency of the complaint, not the merits of the claims. This Court finds that plaintiffs have adequately alleged their constitutional claim of an unreasonable search.

III.    *United States Housing Act*

CHA argues that plaintiffs cannot sue under 42 U.S.C. § 1983 for a U.S. Housing Act violation because the Act does not create an individual right enforceable through section 1983. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 283-84 (2002). A plaintiff must demonstrate that Congress "unambiguously conferred" a right in a statute, rather than a mere "interest" or " benefit." *Id.* at 283. Defendants assert that the *Stubenfield* plaintiffs cannot meet this standard because the relevant Housing Act provisions command public housing agencies to include or exclude certain provisions in their leases.

Plaintiffs contend that they have a viable claim under the Housing Act that is enforceable through Section 1983. Plaintiffs refer to *Sager v. Hous. Comm'n*, for the proposition that the "Supreme Court has held that particular provisions of the Housing Act, which provide residents of public housing with 'specific or definable rights' that are not 'beyond the competence of the judiciary to enforce,' are 'enforceable rights under . . . [42 U.S.C.] § 1983.'" 855 F. Supp. 2d 524, 547 (D. Md. 2012) (quoting *Wright v. City of Roanoke Redevelopment & Hous. Auth.*, 479 U.S. 418, 430, 432, 107 S. Ct. 766, 93 L. Ed. 2d 781 (1987)). While this Court recognizes that *Sager* is not binding authority and *Wright* has been superseded by statute, other courts have similarly found a private right of action in 42 U.S.C. § 1437d(l)(2) that is enforceable through section 1983. This Court finds especially persuasive the analysis in *Davis v. City of New York*, 902 F.Supp. 2d 405 (S.D.N.Y. 2012), specifically addressing this issue in light of the Supreme Court's opinion in *Gonzaga*.

In *Davis,* the plaintiffs were residents of the NYC Housing Authority, who sued the NYCHA alleging that it included in its lease addendum unreasonable terms and conditions. On summary judgment, the NYCHA argued that 42 U.S.C. § 1437d(l)(2) does not confer a private right of action enforceable through section 1983. *Davis,* 902 F.Supp.2d at 439. Section 1983

8

creates a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Examining whether section 1437d(l)(2) confers a right enforceable under section 1983, the court in *Davis* quoted *Gonzaga*, stating that "the Supreme Court emphasized that the legislative inquiry must examine whether a law has 'unambiguously conferred [a] right to support a cause of action brought under § 1983.'" *Id,* (quoting *Gonzaga Univ. v. Doe,* 536 U.S. at 283). *Blessing v. Freestone*, 520 U.S. 329, 341 (1997), also informed the court's analysis. Based on the Supreme Court's guidance in *Gonzaga* and *Blessing,* the court found that section 1437d(l)(2) benefits a specific group of individuals, is phrased in "mandatory rather than precatory terms," and that this section provides tenants of public housing important substantive and procedural rights" by mandating that housing authorities contract with tenants in a particular way. *Id.* at 440, 441, 442. The court concluded that "because section 1437d(l)(2) gives the resident plaintiffs a right to a lease free from unreasonable terms and conditions, the suit alleges an infringement of a federal right actionable under section 1983." *Id.* at 442.

This Court finds the reasoning in *Davis* persuasive that section 1437d(l)(2) provides plaintiffs with a right enforceable under section 1983. Defendants CHA and TCB also argue that the CHA is not "utilizing" the lease and therefore it is not subject to the Housing Act because the lease containing the drug testing requirement is TCB's lease. Plaintiffs allege that CHA imposes, authorizes or facilitates the drug testing requirement in the leases. They allege that former CHA Board Chairman, in 2011 discussed a proposed plan to expand drug testing in mixed-income communities to all public housing residents. (Dkt. 14, First Am. Compl. at ¶¶ 39-40). The former CHA Board Chairman's alleged statements suggest at the very least approval of the policy by CHA. Further, as noted above, the Tenant Selection Plan expressly states that leases are

approved by the CHA. Similar to CHA's argument with respect to state action, this Court finds

that the degree to which CHA is involved with the lease at issue is a factual matter for discovery.

**Conclusion**

Based on the analysis contained herein Defendants CHA and TCB's Motions to Dismiss

are granted with respect to Roy Thompson Jr.'s claims and denied for the remainder of the

plaintiffs.

IT IS SO ORDERED.

Date:  November 26, 2013

Entered: _____

United States District Judge